IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEVIN L. HAMILTON, JR.**                          **PETITIONER**

V.             No. 4:23-cv-00846 JM/PSH

**ERIC HIGGINS, Pulaski County**
**Regional Detention Facility**                        **RESPONDENT**

## ORDER

On September 12, 2023, petitioner Kevin L Hamilton, Jr. ("Hamilton") filed a petition for writ of habeas corpus against Eric Higgins ("Higgins"), related to his confinement in the Pulaski County Regional Detention Facility ("PCRDF"). *See* Doc. No. 1. Hamilton is a pretrial detainee in case number 60CR-21-1634 in Pulaski County awaiting trial on charges of first degree murder and being a felon in possession of a firearm, and his trial is scheduled to begin April 30, 2024. *See* https://caseinfonew.arcourts.gov/opad/case/60CR-21-1634; Doc. No. 8 at 1-2. In his petition, Hamilton argues that he has been held in pretrial custody "for an excessive period of time on an excessive amount of bail...." Doc. No. 1.

In his response to the petition, respondent Higgins correctly asserts that the Court should consider the petition as one brought pursuant to 28 U.S.C. § 2241 because Hamilton is in custody awaiting trial in Pulaski County, and is not

challenging a state court conviction.[1] *See* Doc. No. 8 at 2. Higgins further asserts in his response that while Hamilton is claiming a violation of his right to a speedy trial, he has not exhausted his available state court remedies, a prerequisite to seeking federal habeas corpus relief. He correctly states that Hamilton is obliged to fully litigate his speedy trial claim in his criminal case before he can seek federal habeas relief, and seeks dismissal of the petition for this reason. *Id.* at 3-4. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009).

Before considering dismissal of Hamilton's petition on grounds of failure to exhaust, the Court will allow Hamilton an opportunity to address this issue, and to explain why the case should not be dismissed for the reasons set forth by Higgins. He should file any response on or before February 26, 2024.

IT IS SO ORDERED this 26th day of January, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Higgins asserts that because the petition is one filed pursuant to Section 2241, the Rules Governing §2254 Cases in the U.S. District Court are inapplicable. However, the Rules specifically allow a district court to apply "any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." It is this Court's practice to apply the Rules to habeas petitions filed under Section 2241 and Section 2254.