IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KEVIN L. HAMILTON, JR.**                                              **PETITIONER**

No. 4:23-cv-00846 JM/PSH

**ERIC HIGGINS, Pulaski County**
**Regional Detention Facility**                                         **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Kevin L. Hamilton, Jr. ("Hamilton") filed his petition for writ of habeas corpus on September 12, 2023, alleging he is unlawfully detained for the offenses of first-degree murder and possession of a firearm. Hamilton alleged he had been held "for an excessive period of time on an excessive amount of bail in a 1 year

1

holding facility over 1 year." Doc. No. 1 at 1. For relief, Hamilton asked to be discharged from custody or be given a recognizance bond.

Hamilton's custodian, Pulaski County Sheriff Eric Higgins ("Higgins"), opposes the petition for writ of habeas corpus. Doc. No. 8. Higgins confirmed that Hamilton is currently held in the Pulaski County Regional Detention Facility awaiting trial for first-degree murder and other charges. According to Higgins, Hamilton was assessed bond on May 3, 2021, of $5 million. Hamilton has twice had trial dates continued (in November 2021 and November 2023) and is currently scheduled for trial on April 30, 2024.[1]

Higgins contends this petition should be dismissed because Hamilton has failed to exhaust the remedies available to him in Pulaski County Circuit Court. Specifically, Higgins cites Ark. R. Crim. P. 28.1 and 28.3 regarding speedy trial provisions, maintaining Hamilton has the right and obligation to litigate his claims in state court prior to seeking federal habeas corpus relief. Indeed, Higgins allows that Hamilton is currently litigating his speedy trial claim in state court.

---

[1] A review of Hamilton's state court docket sheet is found in CourtConnect, at caseinfonew.arcourts.gov/opad/case/60CR-21-1634. The docket sheet reflects a number of motions filed by Hamilton, including a motion to reduce bond, to dismiss for speedy trial violation, and motion to be released on his own recognizance. These motions were all filed on August 16, 2023. Entries on the docket sheet also reflect the speedy trial time was tolled while Hamilton underwent a mental examination. After being found fit to proceed, Hamilton indicated he would contest that determination. A May 2023 entry shows Hamilton withdrew his request for a hearing on competency.

By Order dated January 26, 2024, the Court notified Hamilton of his opportunity to address the failure-to-exhaust argument of Higgins. Hamilton has responded. Doc. No. 12.

In Hamilton's response, he briefly contends that he exhausted his state court remedies on August 11, 2023. It is not clear how this was accomplished. Hamilton also ranged beyond the topic of exhaustion in his response, alleging that Higgins was without jurisdiction over him, the arrest warrant was deficient, there was an illegal search, and the expiration of his federal probation period in April 2021 means he cannot now be held in custody.

Generally, Hamilton has the opportunity to raise the issues in his current petition and the obligation to pursue and exhaust these claims in state court. 28 U.S.C. § 2254(b)(1)(A).[2] Unless special circumstances are demonstrated, a federal habeas court does not interfere with state criminal proceedings prior to trial and conviction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Wingo v. Ciccone*, 507 F.2d 354 (8th Cir. 1974). Hamilton offers no exceptional circumstances warranting the immediate litigation of his state court

---

[2]As noted in the Court's January 26, 2024 Order, the Rules Governing §2254 Cases in the U.S. District Court specifically allow a district court to apply "any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." It is this Court's practice to apply the Rules to habeas petitions filed under Section 2241 and Section 2254. Hamilton's petition is properly construed as one for section 2241 relief.

speedy trial claim in federal court. And allowing him to do so would amount to a "derailment of a pending state proceeding" by attempting to litigate premature defenses. *Id.* at 493. In *Braden*, the petitioner had exhausted his available state court remedies and was seeking only an immediate trial. Here, Hamilton has not yet exhausted his state court avenues for relief and is seeking discharge from custody or release on his own recognizance. *See Severance v. Higgins*, 2022 WL 1699239, fn. 3 (E.D. Ark. March 28, 2022). In addition, to the extent that Hamilton desires federal habeas corpus relief due to violations of state law or rules setting time limits for criminal trials, such claims are not cognizable. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Hamilton's primary complaint is his speedy trial claim. Because he has not exhausted his available state court remedies there is no federal jurisdiction over this petition. As a result, the Court recommends that the petition be dismissed without prejudice.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of

appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, it recommends that the certificate of appealability be denied.

    IT IS SO ORDERED this 3rd day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE